1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  CARL T.,

9                          Plaintiff,                    CASE NO. C20-0291-MAT

10        v.

                                                         ORDER RE: SOCIAL SECURITY
11  ANDREW M. SAUL,                                      DISABILITY APPEAL
    Commissioner of Social Security,

12
                                Defendant.

13

14        Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of

15  the Social Security Administration (Commissioner).    The Commissioner denied Plaintiff's

16  application for Supplemental Security Income (SSI) after a hearing before an Administrative Law

17  Judge (ALJ).   Having considered the ALJ's decision, the administrative record (AR), and all

18  memoranda of record, this matter is AFFIRMED.

19                        **FACTS AND PROCEDURAL HISTORY**

20        Plaintiff was born on XXXX, 1989.[1]   He has a high school diploma and no documented

21  history of gainful employment.  (AR 31.)

22

23        [1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

1    Plaintiff applied for SSI in February 2016.  (AR 236-41.)  That application was denied and

2  Plaintiff timely requested a hearing.  (AR 125-33, 137-46.)

3    In June and August 2018, ALJ Timothy Mangrum held hearings, taking testimony from

4  Plaintiff and a vocational expert (VE).  (AR 42-92.)  In January 2019, the ALJ issued a decision

5  finding Plaintiff not disabled. (AR 19-32.)  Plaintiff timely appealed.  The Appeals Council denied

6  Plaintiff's request for review in January 2020 (AR 2-8), making the ALJ's decision the final

7  decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this

8  Court.

9                                        **JURISDICTION**

10    The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

11                                        **DISCUSSION**

12    The Commissioner follows a five-step sequential evaluation process for determining

13  whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

14  be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had not

15  engaged in substantial gainful activity since the application date.  (AR 21.)  At step two, it must

16  be determined whether a claimant suffers from a severe impairment.  The ALJ found severe

17  Plaintiff's spinal impairment, attention deficit/hyperactivity disorder, affective disorder(s), anxiety

18  disorder(s), and substance use disorder.  (AR 21-22.)  Step three asks whether a claimant's

19  impairments meet or equal a listed impairment.  The ALJ found that Plaintiff's impairments did

20  not meet or equal the criteria of a listed impairment.  (AR 22-23.)

21    If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

22  residual functional capacity (RFC) and determine at step four whether the claimant has

23  demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff capable of

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 2

1  performing light work with additional limitations: he can frequently stoop, crouch, and climb

2  ladders.  He should avoid concentrated exposure to vibration, unprotected heights, and unprotected

3  machinery.  He can perform tasks for jobs requiring a specific vocational preparation level of 2 or

4  less.  He can otherwise perform simple instructions with simple, routine decisions and few

5  workplace changes.  He cannot have public interaction.  He can have incidental contact with co-

6  workers but no tandem tasks.  He can tolerate occasional supervisor interaction as needed.  (AR

7  24.)

8      Because the ALJ found that Plaintiff had no past relevant work (AR 31), the ALJ moved

9  on to step five, where the burden shifts to the Commissioner to demonstrate that the claimant

10  retains the capacity to make an adjustment to work that exists in significant levels in the national

11  economy.  With the assistance of the VE, the ALJ found Plaintiff capable of performing

12  representative occupations such as bench assembler, cannery worker, and warehouse checker.  (AR

13  31-32.)

14      This Court's review of the ALJ's decision is limited to whether the decision is in

15  accordance with the law and the findings supported by substantial evidence in the record as a

16  whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more

17  than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

18  mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750

19  (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's

20  decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

21  2002).

22      Plaintiff argues the ALJ erred in (1) discounting his subjective symptom testimony, (2)

23  assessing certain medical evidence and opinions, (3) assessing lay statements, (4) crafting the RFC

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

1   assessment, and (5) relying on VE testimony at step five.   Plaintiff also argues that the

2   Commissioner's failure to process his application for Disabled Adult Child (DAC) benefits

3   constitutes harmful legal error.  The Commissioner argues that the ALJ's decision is supported by

4   substantial evidence and should be affirmed, and that Plaintiff did not properly apply for DAC

5   benefits.[2]

6                                                   DAC application

7          In agency paperwork filed along with Plaintiff's request for reconsideration, Plaintiff

8   requested that the Commissioner construe that paperwork as an application for DAC benefits,

9   contending that some of Plaintiff's impairments had been present since birth and his parents were

10  both retired.  (AR 283.)  Plaintiff requested that his DAC application be considered alongside his

11  SSI application.  (*Id*.)  Plaintiff contends that his DAC application was never processed and the

12  Commissioner adjudicated only his SSI claim.  Dkt. 10 at 1-2.

13         According to the Commissioner, because Plaintiff did not complete a form DAC

14  application consistent with 20 C.F.R. § 404.611, Plaintiff's informal request for DAC benefits was

15  insufficient.  Dkt. 11 at 2 n.1.  This regulation requires that benefits applications be completed on

16  an approved form, with an inked or electronic signature.  *See* 20 C.F.R. § 404.611 (citing 20 C.F.R.

17  § 422.505).  Plaintiff's appeals report was written in the third person (presumably by Plaintiff's

18  attorney) and is not a benefits application form.  (AR 277-84.)

19         Plaintiff argues in the reply brief that the Commissioner fails to dispute his assignment of

20  _____

21         [2] In the reply brief, Plaintiff contends that the Commissioner's response brief fails to comply with
    the Court's scheduling order (Dkt. 9) because it is 20 pages in length.  Dkt. 12 at 1.  Plaintiff fails to
    appreciate that the formatting of briefs is addressed in Local Civil Rule (W.D. Wash.) 7(e)(6), which
22  provides that a brief's caption and signature block, *inter alia*, do not count toward page totals.  Bearing this
    rule in mind, the Court observes that the Commissioner's brief does not exceed the 18 pages allotted in the
23  Court's scheduling order.

1  error related to the DAC benefits.  Dkt. 12 at 1.  The Commissioner did, however, address the

2  DAC benefits issue in a footnote in the section of the response brief listing the disputed issues.

3  *See* Dkt. 11 at 1 n.2.  The Commissioner adequately explained his argument that Plaintiff's

4  reference to a DAC application in the "remarks" section of a reconsideration report is insufficient

5  to constitute a benefits application, and Plaintiff has not shown that he complied with the regulation

6  at issue.  Thus, the Court finds that the Commissioner did dispute Plaintiff's argument and has

7  shown that Plaintiff's argument fails.

8                                          Subjective symptom testimony

9         The ALJ discounted Plaintiff's subjective testimony because (1) his allegations of physical

10  limitations are inconsistent with his treatment records, the medical imaging, and the longitudinal

11  examination findings; (2) his allegations of mental limitations are undermined by his "disregard

12  of effective mental health care while also engaged in substance abuse", as well as the evidence of

13  his "adequate psychological functioning with a minimal degree of mental health care leading up

14  to" the time of his application date; (3) he made "notably inconsistent" statements to explain why

15  he has failed to seek mental health treatment; and (4) his activities show that he "can reliably

16  persist with various unskilled tasks involving regular social interaction and/or public exposure[,]"

17  contradicting his allegations of mental and physical limitations.  (AR 24-27.)  Plaintiff argues that

18  these reasons are not clear and convincing, as required in the Ninth Circuit.  *Burrell v. Colvin*, 775

19  F.3d 1133, 1136-37 (9th Cir. 2014).

20  Physical impairments

21         Plaintiff argues that the ALJ mischaracterized the record in finding that Plaintiff had no

22  medically determinable physical impairment "other than a mild degree of spinal impairment that

23  appears to have largely resolved with minimal treatment following his application date."  (AR 25.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

1   Specifically, Plaintiff argues that the ALJ failed to account for his gluteal tendonitis or

2   tendinopathy, diagnosed by a treating provider and a consultative examiner.  Dkt. 10 at 14-15.  But

3   the ALJ did acknowledge that Plaintiff's experienced pain from that condition, and noted that

4   because the objective testing showed that Plaintiff retained functionality despite his alleged pain,

5   the ALJ discounted Plaintiff's allegations of disabling limitations caused by that pain.  (AR 25,

6   28, 30.)  The ALJ also noted that Plaintiff sought minimal treatment for his physical impairments,

7   which also undermined his allegations of disabling pain.  (AR 25.)  The ALJ's reasoning is clear

8   and convincing.[3]  *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir.

9   2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's

10  subjective testimony."); *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (rejecting subjective

11  pain complaints where petitioner's "claim that she experienced pain approaching the highest level

12  imaginable was inconsistent with the 'minimal, conservative treatment' that she received").

13  Mental impairments

14      Plaintiff argues that the ALJ erred in discounting his allegations of mental limitations

15  because the ALJ mischaracterized the record and omitted facts that would have undermined his

16  conclusion.  Dkt. 10 at 15.  Plaintiff fails to demonstrate that the ALJ mischaracterized the record

17  or omitted relevant facts, however.  An ALJ need not discuss each piece of evidence in the record.

18  *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).  Instead, "she must explain why

19  'significant probative evidence has been rejected.'" *Id*. (quoting *Cotter v. Harris*, 642 F.2d 700,

20  706 (3d Cir. 1981)).  For the reasons explained below, Plaintiff has not shown that the ALJ failed

21

22      [3] Furthermore, to the extent that Plaintiff also argues that the ALJ erred in failing to include his tendinopathy as a severe impairment at step two, any error is harmless because the ALJ went on to address the alleged limitations caused by that condition later in the decision. *See Buck v. Berryhill*, 869 F.3d 1040

23  (9th Cir. 2017)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

1    to explain why he rejected significant, probative evidence in assessing Plaintiff's mental

2    impairments.

3    For example, Plaintiff identified sentences within an examiner's report that the ALJ did

4    not explicitly summarize (Dkt. 10 at 15-16), but the ALJ's summary accurately reflects the report

5    and the ALJ goes on to explain why he found that examiner's report to be inconsistent with the

6    longitudinal evidence.  (AR 29-30.)

7    Plaintiff also contends that the ALJ failed to address any of his treatment records from

8    Sound Mental Health (Dkt. 10 at 13, 16), but Plaintiff is mistaken.  The ALJ's decision references

9    these treatment notes at multiple points in the decision and summarizes findings within those notes.

10   (AR 27, 29-30.)  Although Plaintiff urges the Court to interpret the Sound Mental Health notes in

11   a different light (Dkt. 10 at 16), Plaintiff has not shown that the ALJ's interpretation was

12   unreasonable and therefore erroneous.

13   Plaintiff goes on to argue that the ALJ erred in concluding that he chose polysubstance

14   abuse rather than adhering to mental health treatment (AR 26), contending that the record shows

15   that he does not abuse drugs and that his parents had to withhold medications during suicide

16   attempts.  Dkt. 10 at 16 (citing AR 390, 460).  But the records cited by Plaintiff confirm Plaintiff's

17   drug abuse (AR 390 (diagnosing Plaintiff with *inter alia* cannabis dependence)) and his parents'

18   agreement to hold his naproxen medication on one occasion (AR 390) does not undermine the

19   ALJ's suggestion that Plaintiff was capable of following a mental health medication regimen if he

20   chose to do so.  Plaintiff's citation to negative drug tests (AR 460) does not undermine the ALJ's

21   decision, because the ALJ did not find that Plaintiff abused any of those drugs; other parts of that

22   same treatment note confirm Plaintiff's use of marijuana (AR 458, 461) and alcohol (AR 458

23   ("Uses alcohol to numb feelings.")).  Plaintiff has not shown error in this part of the ALJ's decision.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

1    Lastly, Plaintiff contends that the ALJ's decision inappropriately holds his failure to seek

2    treatment against him, given that he is mentally ill. Dkt. 10 at 16-17.  Plaintiff cites no portion of

3    the record suggesting that his mental illness leaves him unable to recognize his need for treatment,

4    however, and the ALJ cited evidence suggesting that Plaintiff's lack of treatment was based on his

5    personal preference. (AR 26.)  For example, the ALJ asked Plaintiff at the hearing why he had not

6    engaged in mental health treatment in recent years and Plaintiff answered that instability in his

7    housing left him unable to pursue treatment. (AR 55-56.)  A consultative examiner asked Plaintiff

8    why he did not take his mental health medications and Plaintiff reported that he did not like to take

9    pills; when the examiner pointed out that he took pain pills, Plaintiff responded that he takes his

10    pain pills because his pain is problematic. (AR 525.)  The ALJ also noted that Plaintiff wrote in

11    his function report that did not require reminders to take medication because he "refuse[s] to take

12    anything except weed". (AR 271.)  This evidence supports the ALJ's interpretation of the record,

13    and Plaintiff has not shown that the ALJ's interpretation was erroneous. *See Molina v. Astrue*, 674

14    F.3d 1104, 1113-14 (9th Cir. 2012) (affirming an ALJ's finding that a lack of treatment

15    undermined a claimant's allegations where the claimant "provided reasons for resisting treatment"

16    but "there was no medical evidence that [the claimant's] resistance was attributable to her mental

17    impairment rather than her own personal preference").

18    In his reply brief, Plaintiff also challenges the ALJ's findings with regard to his activities,

19    arguing that the activities described by the ALJ were more limited than found by the ALJ. Dkt.

20    12 at 9.  Plaintiff's arguments are not supported by the record, however.  Plaintiff speculates that

21    the video games he reported playing on a daily basis (AR 270) could have been designed for

22    children (Dkt. 12 at 9), but there is no evidence to support this speculation.  He also contends that

23    there is no evidence of regular social interactions with friends (Dkt. 12 at 9), but he told an

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 8

examining psychiatrist that he met with a friend every day to obtain marijuana in exchange for babysitting his daughter (AR 524-25).  He reported to another examining physician that his daily activities include spending time with friends.  (AR 541.)  Plaintiff has not shown that the ALJ's interpretation of his activities was unreasonable and therefore erroneous.

Because Plaintiff has failed to identify error in the ALJ's reasoning with regard to his mental allegations, the Court affirms the ALJ's assessment of Plaintiff's mental impairments.

Lay evidence

The record contains statements from Plaintiff's father (AR 261-68, 334-43), which the ALJ summarized and discounted as inconsistent with the record related to Plaintiff's physical and mental impairments.  (AR 27.)  The record also contains a lengthy summary of Plaintiff's functioning from birth until 2018 that is unsigned, but was apparently written by Plaintiff's mother. (AR 315-27.)  The ALJ did not refer to this as a lay statement, but referred to the activities it described in the decision as inconsistent with Plaintiff's father's statement.  (AR 27.)

Plaintiff argues that the ALJ erred in discounting his father's statements and ignoring his mother's statement.  An ALJ must provide germane reasons to discount a lay statement.  *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").

Inconsistency with the record is a germane reason to discount lay statements, however, and the ALJ explained why he found that Plaintiff's father described limitations that were inconsistent with the medical record.  (AR 27.)  The ALJ found that Plaintiff's current activities demonstrate that he retains sufficient concentration and persistence to perform at least simple tasks while maintaining appropriate behavior, and that any allegation of disabling psychological limitations is undermined by Plaintiff's preference for using substances rather than obtaining mental health

1    treatment. (*Id*.) The ALJ also contrasted the objective evidence of Plaintiff's physical functioning

2    and his activities with Plaintiff's father's description of his pain symptoms. (*Id*.) Inconsistency

3    with Plaintiff's activities and medical record are germane reasons to discount Plaintiff's father's

4    statement. *See Carmickle*, 533 F.3d at 1164 (activities); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218

5    (9th Cir. 2005) (medical evidence).

6        The ALJ did not explicitly weigh the statement apparently written by Plaintiff's mother,

7    perhaps due to the fact that the statement was not officially attributed to her and was neither signed

8    nor dated. The ALJ did reference the statement as a description of Plaintiff's activities, however.

9    (AR 27.) Indeed, the statement does not describe any particular functional limitations existing

10   during the adjudicated period; it primarily focuses on Plaintiff's childhood functioning. (AR 315-

11   27.) Given that the statement does not describe any functional limitations relevant to the ALJ's

12   determination and is generally consistent with the ALJ's decision, the Court finds no error in the

13   ALJ's failure to explicitly weigh Plaintiff's mother's statement. *See Howard ex rel. Wolff v.*

14   *Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (ALJ "not required to discuss evidence that is

15   neither significant nor probative").

16                                          Medical evidence

17       Plaintiff challenges the ALJ's assessment of two medical opinions, one written by treating

18   physician Phuc Phung, M.D., and another report completed by examining psychiatrist Peter Meis,

19   M.D. (AR 454-62, 523-33.) The ALJ summarized both and discounted them. (AR 28-30.)

20       Where not contradicted by another doctor, a treating or examining doctor's opinion may

21   be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

22   1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a

23   treating or examining doctor's opinion may not be rejected without "'specific and legitimate

1    reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31

2    (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

3            The Court will consider each disputed opinion in turn.

4    <u>Dr. Phung</u>

5            Dr. Phung completed a form opinion regarding Plaintiff's functional limitations in May

6    2018.  (AR 454-57.)  The ALJ found that the disabling limitations described by Dr. Phung were

7    not consistent with Plaintiff's longitudinal record, which showed complaints of tenderness and

8    pain and yet full extremity strength, negative straight leg raise, appropriate sensation, and reports

9    of significantly improved pain symptoms with minimal treatment, as well as full range of motion

10   in his back and lower extremity joints.  (AR 28.)  The ALJ also found that Dr. Phung's treatment

11   notes do not reference any psychological complaints or psychological examination findings, which

12   leaves Dr. Phung's opinion regarding Plaintiff's mental functioning without objective support.

13   (*Id*.)

14           Plaintiff argues that the ALJ erred in overlooking the portions of Dr. Phung's treatment

15   notes that would corroborate his opinion, and focusing only on the normal findings.  Dkt. 10 at 8.

16   Plaintiff points only to his own reports of pain and tenderness, however, which the ALJ

17   acknowledged.  (AR 28.)  The ALJ did not err in relying on the objective testing performed by Dr.

18   Phung, which showed that Plaintiff retained functionality despite his complaints of pain, as well

19   as the fact that Plaintiff had minimal contact with Dr. Phung.  (*See* AR 357-64.)  The ALJ did not

20   err in finding that the record was inconsistent with the limitations described by Dr. Phung,

21   considering that Dr. Phung's treatment notes contained many normal findings and documented

22   Plaintiff's reports of improvement with minimal treatment and his failure to pursue ongoing

23   treatment for his physical conditions.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.

1   2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the

2   medical record).

3   <u>Dr. Meis</u>

4   Dr. Meis examined Plaintiff in July 2018 and wrote a narrative report and completed a

5   form opinion regarding Plaintiff's limitations.  (AR 523-32.)  The ALJ summarized Dr. Meis's

6   findings and agreed with his conclusion that Plaintiff's alcohol and marijuana use contributed to

7   his ongoing psychological findings, but discounted the limitations described by Dr. Meis as

8   inconsistent with Plaintiff's activities, the many normal mental status examination findings, and

9   his minimal degree of mental health treatment.  (AR 29-30.)

10   Plaintiff argues that the ALJ erred by failing to identify any normal findings that contradict

11   Dr. Meis's opinion (Dkt. 10 at 10-11), but Plaintiff is mistaken.  The ALJ cited a normal mental

12   status examination performed in 2016 (AR 459), as well as the many normal findings contained in

13   Dr. Meis's own examination (AR 526-27).  (AR 29-30.)  The ALJ also noted that Plaintiff's limited

14   mental health treatment records contained multiple reports that Plaintiff was "doing well."  (AR

15   30 (citing AR 393, 396, 424).)  Furthermore, the ALJ contrasted Plaintiff's activities with the

16   limitations described by Dr. Meis, and reasonably found them to be inconsistent. (AR 29-30.)  The

17   ALJ cited substantial evidence to support his interpretation of the record and Plaintiff's activities

18   as inconsistent with Dr. Meis's opinion.  Plaintiff has not shown that the ALJ erred in discounting

19   Dr. Meis's opinion on these bases.  *See Tommasetti*, 533 F.3d at 1041 (inconsistency with the

20   record properly considered by ALJ in rejection of physician's opinions); *Rollins v. Massanari*, 261

21   F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that

22   was inconsistent with the claimant's level of activity).

23   / / /

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 12

1

RFC

2      Plaintiff argues that the ALJ failed to include all of his limitations in the RFC assessment.

3  Dkt. 10 at 5-7.

4      RFC is the most a claimant can do despite limitations and is assessed based on all relevant

5  evidence in the record.  20 C.F.R. § 416.945(a)(1).  An RFC must include all of the claimant's

6  functional limitations supported by the record.  *See Valentine v. Comm'r of Social Sec. Admin.*,

7  574 F.3d 685, 690 (9th Cir. 2009).

8      First, Plaintiff argues that the ALJ erred in failing to account for the sitting/standing

9  limitations caused by his tendinopathy.  Dkt. 10 at 6-7.  As explained *supra*, however, the ALJ

10  considered the alleged physical limitations caused by Plaintiff's alleged pain and explained that he

11  discounted them as inconsistent with the many normal objective findings in the record, as well as

12  Plaintiff's minimal treatment for his physical impairments.  (AR 25, 28.)  Because Plaintiff has

13  not shown that the ALJ erred in discounting his own subjective testimony or the medical opinions

14  at issue, Plaintiff has not shown that the ALJ erred in omitting the sitting/standing limitations from

15  the RFC assessment.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

16      Plaintiff also contends that the ALJ erred in excluding the noise limitation identified by an

17  examining physician. (Dkt. 10 at 6.)  An examining physician suggested Plaintiff could be exposed

18  to at most moderate noise based on his self-reported history of migraine headaches.  (AR 538.)

19  This doctor did not diagnose Plaintiff with a history of headaches, and the ALJ did not find

20  Plaintiff's headaches to be a medically determinable impairment.  Although Plaintiff argues that

21  the ALJ should have considered his headaches at step two (Dkt. 12 at 5), he does not point to any

22  evidence establishing headaches as a medically determinable impairment.  Thus, Plaintiff has not

23  established error in the ALJ's failure to include headache-related limitations in the RFC

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 13

1   assessment. *See* Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *1 (Jul. 2, 1996) ("The

2   RFC assessment considers only functional limitations and restrictions that result from an

3   individual's medically determinable impairment or combination of impairments, including the

4   impact of any related symptoms.").

5   Plaintiff also argues that the ALJ erred in excluding from the VE hypothetical that he would

6   be off-task 10 percent of a workday. Dkt. 10 at 6. The ALJ did not find that Plaintiff would be

7   off task 10 percent of a workday, however. The ALJ included this limitation in an alternative

8   hypothetical (AR 81-82), but did not ultimately include it in the written RFC assessment (AR 24).

9   Plaintiff has not pointed to any evidence establishing that he would be off task 10 percent of a

10  workday, however. The ALJ referenced a State agency opinion in connection with this alternative

11  hypothetical (AR 81), but the State agency opinions do not find that Plaintiff would be off task 10

12  percent of a workday. (AR 94-106, 108-21.) Thus, Plaintiff has failed to show that the ALJ erred

13  in omitting such a limitation from the RFC assessment.

14  Because Plaintiff has not shown that the ALJ failed to fully account for all credible

15  limitations resulting from Plaintiff's medically determinable impairments, Plaintiff has not

16  established error in the ALJ's RFC assessment.

17  <u>Step five</u>

18  Plaintiff argues that the ALJ erred at step five because the ALJ relied on VE testimony that

19  conflicted with the Dictionary of Occupational Titles (DOT) in multiple ways without obtaining a

20  reasonable explanation for the deviation. Under SSR 00-4p, an ALJ has an affirmative

21  responsibility to inquire as to whether a VE's testimony is consistent with the DOT and, if there is

22  a conflict, determine whether the VE's explanation for such a conflict is reasonable. *See Massachi*

23  *v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 14

1      First, Plaintiff argues that the VE's testimony conflicts with the DOT because all three of

2  the jobs identified by the require level-two reasoning abilities, which Plaintiff contends is

3  precluded by the ALJ's RFC assessment.  Dkt. 10 at 4.  The ALJ's RFC assessment does not

4  preclude level-two reasoning, however, because the ALJ did not restrict Plaintiff to performing 1-

5  2-step tasks.  (AR 24.)  The ALJ's restriction to simple instructions does not restrict Plaintiff to

6  level-one reasoning.  *See Rounds v. Comm'r of Social Sec. Admin.*, 807 F.3d 996, 1003-04 (9th

7  Cir. 2015).  Thus, there is no conflict between the ALJ's RFC assessment and the VE's testimony

8  in this respect.

9      Next, Plaintiff argues that the VE's testimony conflicts with the DOT because two out of

10  the three jobs (cannery worker and bench assembler) contemplate the use of machinery, and the

11  ALJ's RFC prohibition on exposure to unprotected machinery.  Dkt. 10 at 4.  Even if this is a

12  conflict, the third job identified at step five (warehouse worker) does not require the use of

13  machinery, and it independently exists in significant numbers nationwide.  (*See* AR 32.)  Thus,

14  any error with respect to the use of machinery is harmless.  *See, e.g.*, *Meissl v. Barnhart*, 403 F.

15  Supp. 2d 981, 982 & n. 1 (C.D. Cal. 2005).

16      Plaintiff goes on to argue that the VE's testimony conflicts with the DOT because the bench

17  assembler job contemplates working on an assembly line, which is arguably inconsistent with the

18  ALJ's prohibition on tandem tasks.  Dkt. 10 at 4-5.  Even if this was a persuasive argument, as

19  explained above the warehouse worker job exists in significant numbers and therefore any error

20  with respect to the bench assembler job is harmless.

21      Lastly, Plaintiff suggests that the ALJ erred in failing to ask the VE to explain how any of

22  the jobs could be performed with only occasional supervisor interaction or without the ability to

23  read or understand math. Dkt. 10 at 5.  Plaintiff has failed to identify an error in the ALJ's step-

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 15

1    five findings in these respects.  The ALJ included occasional supervisor interaction as a limitation

2    in the VE hypothetical, and the VE testified that Plaintiff could perform jobs despite *inter alia* that

3    limitation.  (AR 81-82.)  Plaintiff has not shown that the jobs identified in fact require more than

4    occasional supervisor interaction, and thus has failed to identify any conflict between the VE

5    testimony and the ALJ's RFC assessment.

6        Plaintiff has also failed to identify an error with respect to math or reading abilities because

7    the ALJ did not find that Plaintiff was unable to read or do math.  Thus, any potential conflict

8    between Plaintiff's math or reading abilities and the step-five jobs is irrelevant.

9        Because Plaintiff has failed to establish harmful error in the ALJ's step-five findings, the

10   Court affirms the ALJ's step-five findings.

11                                    **CONCLUSION**

12       For the reasons set forth above, this matter is AFFIRMED.

13       DATED this 8th day of September, 2020.

14

15                                    Mary Alice Theiler
                                      United States Magistrate Judge
16

17

18

19

20

21

22

23

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 16